COHN, BRACAGLIA & GROPPER
A Professional Corporation
Counselors at Law
275 East Main Street
P.O. Box 1094
Somerville, New Jersey 08876
(908) 526-1131
Attorneys for Defendants

|  |  |
|---|---|
| YONG FANG LIN, | UNITED STATES DISTRICT COURT |
|            Plaintiff, | DISTRICT OF NEW JERSEY |
| vs. | Case No. 3:10-CV-02400-GEB-DEA |
| TSURU OF BERNARDS, LLC and CHIA MAO LIU | |
|            Defendants. | DEFENDANTS' TRIAL BRIEF |

## STATEMENT OF FACTS

This matter comes before the Court by way of a lawsuit filed by plaintiff alleging violations of the Federal Fair Labor Standards Act and New Jersey State Wage and Hour Laws. Plaintiff has claimed in his Complaint that he worked for defendant, Tsuru of Bernards, LLC (hereinafter referred to as "Tsuru") for a little over one year. However, due to a lack of evidence, the plaintiff will be unable to prove any of the claims for unpaid wages raised in his Complaint.

Rather, defendants will prove at trial the following facts: Defendant, Tsuru of Bernards, LLC owns and operates the Japanese restaurant. Defendant, Chia Mao Liu ("Liu") is a member and employee of Tsuru. Defendants will testify that the plaintiff

1

was hired on or about September 16, 2009 to be a sushi chef at the restaurant. Sushi chefs employed by Tsuru receive tips in addition to salary. Plaintiff was hired to work the following schedule.

| Days worked | Hours worked | Break Time | Total Hours worked per day | Total Hours worked per week |
|---|---|---|---|---|
| Monday through Thursday | 11:30 a.m. to 10:00 p.m. | 3:00 to 4:30 | 9 hours | 36 hours |
| Friday | 11:30 a.m. to 11:00 p.m. | 3:00 to 4:30 | 10.5 hours | 10 hours |
| Saturday | 4:30 p.m. to 11:00 p.m. | None | 6.5 hours | 6.5 hours |
| Total hours per week | | | | 52.5 |

Plaintiff's income, including overtime, was to be $600 per week. This excluded any tip income the plaintiff would have received. Defendants will testify that the plaintiff only worked for the defendant for two days as his employment was terminated before the beginning of the workday on September 18, 2009 for fighting with another employee. Plaintiff was paid for the two days that he worked at the restaurant. Plaintiff's testimony at depositions and proposed trial exhibits do not show that plaintiff's employment with Tsuru was to the contrary.

Defendants also will prove at trial that all employees were included on the payroll records and were required to provide their Social Security numbers. This was done to ensure that the appropriate deductions for state and federal taxes as well as

2

social security and other withholdings were properly withheld from each employee's pay. Nowhere does plaintiff appear on any of the payroll records.

## LEGAL ARGUMENTS

### I. Defendants Objections to the Introduction of the Documents provided in Response to the Subpoena to A&P

Plaintiff has indicated that he intends to produce documents in response to a subpoena issued to the Great Atlantic & Pacific Tea Company, Inc. (hereinafter "A&P") without having to produce a representative of that company to testify and authenticate the documents at trial. The plaintiff claims that the documents may be admitted without testimony as they are self-authenticating. For the reasons set forth herein, the response to the subpoena does not qualify as a self authenticating document under the Federal Rule of Evidence. Moreover, defendants question the authenticity of these documents.

F.R.E. 901(11) provides:

> The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority **certifying** that the record-
>
> (a) was made at or near the time of the occurrence of the matters set forth by, or

3

>    from information transmitted by, a person with
>    knowledge of those matters;
>
>    (B) was kept in the course of the regularly
>    conducted activity; and
>
>    (C) was made by the regularly conducted
>    activity as a regular practice...

There is no such certification complying with the rules from a qualified person from A&P.  Rather, the only things received from A&P in the response to the subpoena is an uncertified letter, purportedly signed by a representative of A&P, devoid of anything indicating that it was made at or near the time of the occurrence and that it was kept in the course of the regularly conducted activity as a regular practice.  There is nothing provided which would make the response to the A&P subpoena a self authenticating document.  Moreover, the defendants question the authenticity of that document and even in the event a certification is provided, challenge the authenticity of that response.

**I. Plaintiff Will be Unable to Meet His Burden of Proof at Trial**

In a case for unpaid overtime wages under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. , et seq., the plaintiff has the burden of proving that he performed the work for which he was not properly compensated. Anderson, et al v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1946) (denied on other grounds).  Plaintiff must prove his case by a "fair

4

preponderance of the creditable evidence." See <u>Mooney v. Preston Trucking Co., Inc.</u>, 215 <u>F.Supp.</u> 568, 573 (3rd Cir. 1963). It should be noted that in FLSA cases, "due regard must be given to the fact that it is the employer who has the duty...to keep proper records of wages, hours and other conditions and practices of employment." <u>Mt. Clemens Potter Co.</u>, <u>supra</u>.[1]

Before plaintiff is even in a position to establish his work schedule, wages paid and whether overtime was paid in accordance with the FLSA, the plaintiff must first establish that he worked for Tsuru at all, or more than the two days alleged by defendants.

Plaintiff will be unable to prove this by a preponderance of the evidence either through his proposed trial exhibits or through his own testimony. Plaintiff cannot identify any of his co-workers from Tsuru, although he claims to have worked there for almost thirteen (13) months. Plaintiff cannot testify to the exact date that he started working for Tsuru. Plaintiff refuses to disclose his Social Security number, although every employee is required to provide that information when working for Tsuru.

---

[1] State law claims under <u>N.J.S.A.</u> are governed by the same standard and burden of proof. See <u>N.J. R.E.</u> 101(b) and

Plaintiff's proposed trial exhibits are also woefully devoid of any proof that he ever performed work for Tsuru for anything near the period of time he alleged in his Complaint.

Plaintiff also does not have any documentation showing that he received pay for the time period he alleges he worked for Tsuru.  Although plaintiff claimed in his deposition testimony that he deposited his income into a Bank of America branch in Chinatown, where he lived at the relevant time period, plaintiff has not produced, nor does he intend to produce at trial any bank statements showing these deposits.  Plaintiff has not produced any pay stubs, W-2 or tax filings verifying his employment, despite the fact that all Tsuru employees are W-2 employees.

Plaintiff has no documentation which would show that he commuted from his home in Chinatown in New York City to the restaurant in Basking Ridge, New Jersey.

Because the plaintiff only worked for defendants for two days, it would be impossible for defendants to produce any employment records with respect to the plaintiff, as none exist.  Plaintiff has obtained and produced records payroll records that cover the time period plaintiff claims that he worked.  Plaintiff is not listed on those records.

## II. Plaintiff is Not Owed Any Salary under the FLSA

Plaintiff's Complaint alleges failure to pay overtime wages under the FLSA. The FLSA requires that a covered employer compensate employees at a rate not less than one and one-half times the regular rate of pay at which he is employed. 29 U.S.C. §207.[2]

**A. Plaintiff's Salary with Tsuru Included Overtime**

Nothing in the statute precludes paying the employee a weekly or annual salary. Giles v. City of New York, 41 F.Supp.2d 308, 316 (S.D.N.Y. 1999). That weekly or annual salary may include overtime. In fact, an "agreement for a fixed weekly pay for more than forty hours of work per week only complies with [the FLSA]...if there is an explicit understanding between employer and employee as to regular and overtime hourly rates." Id. (internal quotations omitted) (internal citations omitted).

In the case at bar, the plaintiff's own testimony will show that both parties were of the understanding that that salary intended to cover both a regular rate of payment and overtime for the hours worked. The plaintiff's own deposition testimony states that the plaintiff was hired by the defendant to work a set schedule at a set weekly rate of pay. The work schedule

---

[2] The New Jersey Wage and Hour Law has similar requirements for payment of overtime. See N.J.S.A. 34:11-56a, et seq.

7

never deviated. Any claims by plaintiff to the contrary would be disingenuous in light of his own testimony.

**B. Any Damages Claimed by Plaintiff Must Be Determined Based on the Actual Number of Hours Worked by Plaintiff**

Generally, if an employee is paid on a weekly basis, his regular rate of pay is calculated as the weekly salary divided by 40 hours per week. 29 C.F.R. §778.113. However, this presumption may be rebutted by a showing that there was an agreement and understanding between employer and employee that the salary covered a different number of hours. Id.

Plaintiff again, was of the understanding that the salary he was to be paid would cover all the hours worked by him, not just forty hours per week. Therefore, the presumption is rebutted by the defendants.

<u>**CONCLUSION**</u>

Based on the foregoing, plaintiff's Complaint should be dismissed in its entirety and judgment should be entered in favor of defendants.

        Respectfully submitted,
        COHN, BRACAGLIA & GROPPER
        A Professional Corporation
        COUNSELLORS AT LAW
        Attorneys for Defendants

By: _____
    John F. Bracaglia, Jr., Esq.

Dated: April 1, 2011
Briefs:13613.Tsuru trial brief.2.22.11