**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counselors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131**
**Attorneys for Defendants**

|  |  |  |
|---|---|---|
| YONG FANG LIN, | : | UNITED STATES DISTRICT COURT |
| Plaintiff, | : | DISTRICT OF NEW JERSEY |
| vs. | : | Case No. 3:10-CV-02400-GEB-DEA |
| TSURU OF BERNARDS, LLC and CHIA MAO LIU | : | |
| | : | **JURY INSTRUCTIONS** |
| Defendants. | : | |

Defendants, Tsuru of Bernards, LLC and Chia Mao Liu respectfully request that the following elements be charged to the jury:

<u>From The Model Civil Jury Instructions</u>

1.1    Introduction: Role of Jury

1.3    Conduct of Jury

1.4    Bench Conferences

1.5    Evidence

1.6    Direct and Circumstantial Evidence (Option 1)

1.7    Credibility of Witnesses

1.8    Jury Questions for Witnesses (Option 1)

1.9    Note-Taking by Jurors (Option 1)

1.10   Preponderance of the Evidence

1.12    Description of Trial Proceedings

2.1     Impeachment of Witness's Character for Truthfulness

Proposed instruction

## WEEKLY SALARY

Nothing in the Fair Labor Standards Act precludes an employer from paying an employee salary on a weekly basis. Although an employee cannot waive his or her rights under the act, the parties may agree to pay a fixed weekly salary for more than forty hours per week if there is an understanding between the parties that the pay is to cover all hours, including regular and overtime hourly rates. Therefore, after hearing testimony you may find that the plaintiff and defendants entered into such an understanding. In the event you find there is such an understanding between plaintiff and defendants, then the plaintiff is not entitled to any unpaid overtime.

## CALCULATION OF REGULAR RATE OF PAY

Generally, regular rate of pay is calculated by dividing an employee's weekly salary by 40 hours. However, if there is an understanding between the employer and employee that this salary is intended to cover more than 40 hours, the regular rate of pay shall be determined by dividing an employee's weekly salary by the number of hours he actually worked. Although you are not required to determine the actual amount of damages, it will be your job to determine whether such an understanding existed between the plaintiff and defendants with regard to his regular rate of pay. You will only reach this determination in the event you find that there was no understanding between the plaintiff and defendants that his weekly pay was not intended to include overtime pay.

<u>Defendants' respond to the plaintiff's proposed Jury Instructions as follows:</u>

Proposed Jury Instruction entitled "ESSENTIAL ELEMENTS OF PLAINTIFFS'

CLAIMS" should be revised to state as follows:

To prevail on his claim for overtime compensation, the plaintiff must prove the following essential elements by a preponderance of the evidence:

1)    Plaintiff was employed by defendants' during the time period at issue;

2)    Plaintiff worked hours in excess of 40 hours in a work week, or work weeks;

3)    Defendants' failed to pay the plaintiff overtime compensation at the rate of one and one-half times the plaintiff's regular rate for the hours worked in excess of 40 hours;

The issues for you to determine are as follows:

1)   Were defendants engaged in interstate commerce or in the production of goods for commerce?

2)   When did plaintiff's employment with defendants' begin?

3)   When did plaintiff's employment with defendants' end?

4)   How many hours did plaintiff, on average, work?

5)   What was plaintiff's weekly compensation?

Plaintiff contends that, excluding a half hour for lunch and a half hour for dinner every day, plaintiff worked an average of 60 hours per week. Plaintiff further contends that, during the course of his employment, plaintiff was paid $500 per week from August to February 2009, and he was paid $550 per week from March 2009 to September 2009.

Defendants contend that plaintiff worked for defendants' for only two days in September 2009, for which plaintiff was fully compensated. Defendants' contend that plaintiff's work schedule, should he have continued working, would have been the same each week. Plaintiff's schedule would have been Monday through Thursday 11:30 a.m. to 10:00 p.m., with a one and one-half hour break; Friday 11:30 a.m. to 11:30 p.m. with a one and one-half hour break; Saturday 4:30 p.m. to 11:00 p.m. for a total of 52.5 hours, for which he was to be paid $600 per week. The parties were of the agreement and understanding that this pay covered the hours worked and included overtime.

Defendants' object to the inclusion of the Jury Instruction entitled "EVIDENCE OF WILLFUL VIOLATIONS"

Respectfully submitted,<br>
COHN, BRACAGLIA & GROPPER<br>
A Professional Corporation<br>
COUNSELLORS AT LAW<br>
Attorneys for Defendants

By: _____
    John F. Bracaglia, Jr.

Dated: April 1, 2011

CivMisc:13613.Tsuru.jury charges.3.23.11