NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Yong Fang LIN,

    Plaintiff,

v.

TSURU OF BERNARDS, LLC, and
Chia Mao LIU,

    Defendants

Civ. No. 10-2400

OPINION

THOMPSON, U.S.D.J.

## I.   INTRODUCTION

This matter has come before the Court upon Plaintiff's Motion for Attorneys' Fees [docket # 41]. Defendants have responded to the motion [40]. The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reason given below, the motion is granted in part and denied in part.

## II.   BACKGROUND

Plaintiff, a former employee of the restaurant owned and operated by Defendants, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Specifically, Plaintiff contended that he had worked at the Defendants' restaurant for over thirteen months—as opposed to the three days alleged by Defendants—and that he had not been paid a premium for overtime hours worked as required by the overtime provisions of the FLSA, 29 U.S.C. § 207(a). (Compl. 3–4) [1]. Following a three-day trial, the jury found that Plaintiff had worked at the restaurant for thirteen months, that the Defendants had violated the overtime

1

provisions of the FLSA, and that the violations were willful. (Special Jury Verdict as to Liability 1–2) [34]; (Special Jury Verdict as to Willfulness 1) [36]. Accordingly, this Court entered final judgment in Plaintiff's favor in the amount of $9,466.28—a damages amount stipulated to by the parties. (Order 1–2, Apr. 27, 2011) [39]. Plaintiff has now filed this motion seeking attorneys' fees as a prevailing party under 29 U.S.C. § 216(b).

### III. ANALYSIS

**A. Attorneys' Fees**

1. Legal Standard

Under 29 U.S.C. § 216(b), the Court is authorized to award "a reasonable attorney's fees to be paid by the defendant and costs of the action." To arrive at a "reasonable attorney's fee" award, this Court applies the "lodestar formula," "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houston*, 256 F.3d 181, 184 (3d Cir. 2001). In determining the proper hourly rate, the Court should consider prevailing market rates and the skill and experience of the prevailing party's attorneys. *Id.* In calculating the number of hours, the Court must determine whether the hours set out in the prevailing party's affidavits are reasonable considering the particular tasks described, excluding those hours that are "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Pub. Int. Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). However, the Court may not *sua sponte* reduce a request for attorney's fees. *Bell v. United Princeton Props. Inc.*, 884 F.2d 713, 719 (3d Cir. 1989). Instead, the party opposing the fee has the burden to challenge, "'by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.'" *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990)). "Where an opposing party lodges a

2

sufficiently specific objection to an aspect of a fee award, the burden is on the party requesting the fees to justify the size of its award." *Interfaith Cmty. Org. v. Honeywell Intern.*, Inc., 426 F.3d 694, 713 (3d Cir. 2005).  Ultimately, "the district court has discretion in determining the amount of a fee award.  This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

    2.  Application

In total, Plaintiff's attorneys contend that they spent 351.8 hours working on this case, incurring $111,540 in attorneys' fees.  Those fees break down as follows:

- Lead counsel, C.K. Lee, spent 247.80 hours at an hourly rate of $350 for a total fee of $86,730.

- Mr. Lee's partner, Robert Kraselnik, spent 49.60 hours at an hourly rate of $350 for a total fee of $17,360.

- A second-year associate, Youngha Chiang, spent 5.20 hours at an hourly rate of $250 for a total fee of $1,300.

- A paralegal, Yuting Huang, spent 49.20 hours at an hourly rate of $125 for a total fee of $6,150.

After reviewing the documents that Plaintiff submitted along with its application for attorneys' fees and after considering the objections raised by Defendants, the Court has determined that Plaintiff's attorneys expended an unreasonable amount of time on this matter.  Accordingly, the requested fee will be substantially reduced.

The Court finds that 351.80 hours was an unreasonable amount of time for several reasons.  First and foremost, this was a simple case.  Plaintiff relied on a single, straightforward statute, the application of which is very mechanical.  The FLSA provides that an employee must be compensated for overtime hours—any hours beyond forty in a workweek—at a rate "not less than one and one-half times" the employee's regular hourly rate.  29 U.S.C. § 207(a).  Employers

3

may pay their employees on a weekly basis provided that there is an understanding that the weekly salary is intended to cover both regular hours and overtime hours at a premium rate. *See Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999) ("Unless the contracting parties intend and understand the weekly salary to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premium . . . ." (citations omitted)). There was no dispute in this case that the employment agreement between Plaintiff and Defendants provided for a weekly salary. Thus, there were only three main issues for the jury to resolve: (1) Was there an understanding that the weekly salary was intended to cover both regular hours and overtime hours at a premium rate? (2) What was that weekly salary? and (3) Did Plaintiff begin working for Defendants in August 2008, as he claimed, or in September 2009, as Defendants claimed? Only three witnesses took the stand: Plaintiff Yong Fang Lin, Defendant Chia Mao Liu, and Dan Brown, corporate counsel for The Great Atlantic & Pacific Tea Company, Inc. Mr. Brown testified that a store bonus card in Plaintiff's possession had been issued in December 2008, that the name registered to the account was Yong Fang Lin, and that the address registered to the account was that of the Defendants' restaurant. Essentially, resolution of the case boiled down to whether the jury believed the Defendant's testimony or the Plaintiff's testimony combined with inferences drawn from the testimony about the bonus card. This was not a complicated factual case. It was not a complicated legal case.

Despite the obvious simplicity of this case, the law firm representing Plaintiff apparently decided to assign both of the firm's partners, a second-year associate, and a paralegal to work on the matter for several hundred hours. A review of the billing records of these individuals reveals that, given the factual and legal simplicity of this case, far less time was necessary to accomplish the various tasks than that which was billed. In fact, many of the recorded hours seem grossly inflated. For example, several times Mr. Lee billed multiple hours for the preparation of routine

correspondence or to review basic litigation documents.  (*See, e.g.* Affirmation of C.K. Lee Ex. A, Timesheet for C.K. Lee, at 2 (billing combined total of 1.9 hours for "Correspondence re deposition scheduling") [43-1]; (*id.* at 4 (billing 3.7 hours for "Review draft of pretrial order. Provide comments.")).  Also egregious are the 32.3 hours Mr. Lee spent in preparation for two depositions of fact witnesses (in addition to the 9.8 hours spent by Mr. Kraselnik on the same task), the 28.5 hours he spent preparing routine pre-trial submissions, and the 17.2 hours he spent preparing his motion for attorneys' fees.  (*Id.* at 3, 5, 6.)  In addition, Plaintiff seeks to recover fees for the 21.5 hours paralegal Yuting Huang spent in trial.  (*Id.* Ex. A, Timesheet for Yuting Huang, at 10.)  The Court could observe Ms. Huang during the trial, and it was apparent that her presence was not required in addition to that of Mr. Lee.

      The second reason for reducing the award is related to the first: Plaintiff's attorneys appear to work for a firm that specializes in this kind of work.  (*See* Pl.'s Mem. in Supp. 4 ("Plaintiff's counsel has considerable experience in similar federal litigation, having litigated hundreds of wage and hour claims in the Second Circuit and the Third Circuit.")) [41].  Consequently, we presume that the attorneys were already familiar with the FLSA scheme when they began this case.  Given the firm's specialization in this area, Plaintiff's attorneys should have been able to move through the various litigation tasks much more quickly than the billing records suggest.

      Finally, we believe that the hours spent preparing to try this matter are unreasonable in light of Mr. Lee's performance over the course of the three-day jury trial.  Countless times, the Court had to sustain objections to Mr. Lee's questions on both direct and cross-examination.  Mr. Lee appeared completely unaware of the proper method for introducing exhibits or using deposition testimony to impeach a witness's credibility or refresh his recollection.  Furthermore, counsel's presentation of evidence was often confusing, bordering on incoherent.  In fact, to

ensure that the jurors could understand the issues in the case, the Court was obliged to conduct significant portions of witness examination itself. Mr. Lee, Mr. Kraselnik, and Ms. Huang recorded a combined total of 79.5 hours of "Trial preparation." This time was not spent productively.

As a result, the Court concludes that Plaintiff's attorneys could have spent significantly less time undertaking this representation than they claim to have expended. A great deal of their claim was for work that was either excessive or redundant, and the Court believes that a substantial reduction in awarded fees is appropriate. Defendants have provided a careful, line-by-line review of Plaintiff's requested fees, and we find Defendants' analysis of the time each task should have taken to be consistent with a reasonable fee award. Accordingly, Plaintiff's requested fee of $111,540.00 will be reduced to $38,885.00.

### B. Costs

#### 1. Legal Standard

A prevailing party in a FLSA action is also entitled to an award of the "costs of the action." 29 U.S.C. § 216(b). The "Supreme Court has indicated that federal courts may only award those costs articulated in [28 U.S.C. § 1920] absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987)). Section 216(b) does not appear to provide authorization to expand the taxable costs beyond what is enumerated in 28 U.S.C. § 1920. Therefore, we find that the costs recoverable in a FLSA case under § 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) (interpreting § 216(b)'s "costs of the action" as defined by § 1920); *Calderon v. Witvoet*. 112 F.3d 275, 276 (7th Cir. 1997) (stating that § 216(b) does not expand the allowable costs beyond those enumerated in § 1920); *Glenn v. Gen. Motors*

*Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988) (stating that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A. § 1920.").

Section 1920 lists the following as costs that may be awarded: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

    2. Application

In addition to the request for attorneys' fees, Plaintiff submitted an accounting of costs related to this case.[1] In total, Plaintiff seeks $4,142.57 in costs. Defendants contest several aspects of the request.

First, Defendants argue that the $34.80 requested for "Binders for Exhibits" should be disallowed because binders constitute general overhead costs. (Opp'n Br. Ex. A, at 4) [40]. We agree. *See Servidone Const. Corp. v. United States*, 20 Cl. Ct. 725, 733 (U.S. Claims Court 1990) (disallowing costs for binders used at trial); *Laura P. v. Haverford School Dist.*, Civ. No. 07-5395, 2009 WL 1651286, at *9 (E.D. Pa. June 12, 2009) ("Costs for exhibit binders . . . are not authorized by § 1920. . . . [T]hese costs are also part of an attorney's overhead, presumably included in the hourly fee.") Accordingly, we will disallow this cost in its entirety.

---

[1] In his Reply Brief, Plaintiff seeks an additional $1,079.00, which his attorneys claim is the fair market value of their personal clothes that they allowed their client to wear during trial. (Reply Br. 2.) Not only is a reply brief an inappropriate occasion to submit additional costs, but counsel's attempt to seek over one thousand dollars for borrowed clothes is unsupportable.

Second, Defendants argue that the appropriate charge for copying costs is $0.20 per page, not the $0.25 per page requested by Plaintiffs.  (Opp'n Br. Ex. A, at 4.)  Defendants have not cited to any authority to show that $0.25 is excessive, and we could find none.  *See James v. Norton*, 176 F. Supp. 2d 385, 400 (E.D. Pa. 2001) (finding $0.25 per copy reasonable); *Churchill v. Star Enters.*, No. Civ. A. 97-3527, 1998 WL 254080 at *10 (E.D. Pa. Apr. 17, 1998) (same).  *But see Interfaith Cmty. Org.*, 426 F.3d at 717 (stating that "[w]e have serious concerns about the District Court's decision to grant [plaintiff] reimbursement at the rate of 20 cents per page" but ultimately remanding for fuller consideration).  However, Plaintiff's submission fails in another respect.  Local Civil Rule 54.1(g)(9) provides: "The fees for exemplification and copies of papers are taxable when (A) the documents are admitted into evidence or necessarily attached to a document required to be filed and served in support of a dispositive motion, and (B) they are in lieu of originals which are not introduced at the request of opposing counsel."  L. Civ. R. 54.1(g)(9).  The Court cannot reimburse the "the cost of copies submitted in lieu of originals because of convenience to offering counsel or his or her client" or the "cost of copies obtained for counsel's own use[.]"  *Id.*  Plaintiff has made no demonstration of how the material copied met this governing standard.  Accordingly, we will disallow the $875.00 in copying costs.  *See Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 204 (D.N.J. 2010) (disallowing entire amount of copying costs sought because prevailing party failed to demonstrate that costs were taxable under governing local rule); *Garonzik v. Whitman Diner*, 910 F. Supp. 167, 172 (D.N.J. 1995) (same).

Finally, Defendants object to the $768.53 for train, hotel, meal, and other miscellaneous expenses apparently incurred in connection with Mr. Lin and his attorneys' appearance at trial.  Local Civil Rule 54.1(g)(1) controls the costs that may be awarded for a witness's subsistence and travel in connection with a court appearance.  The rules state, however, that "[w]itness fees shall not be allowed to parties to an action," L. Civ. R. 54.1(g)(3), so Plaintiff's attorneys'

8

attempt to recover fees for their client's train tickets, hotel, and meals is unjustified.[2]  *See Calderon*, 112 F.3d at 276 (disallowing expenses Plaintiff incurred in traveling to trial).  It is also clear that attorneys cannot seek to recover their own meal expenses as costs.  Meals are not listed as a recoverable cost under § 1920, and if recoverable at all, they are already included in a reasonable attorneys' fee award.  *See Warren Distrib. Co. v. InBev USA, LLC*, Civ. No. 07–1053, 2011 WL 770005, at *20 (D.N.J. Feb. 28, 2011) (stating that attorneys' fees include associated out-of-pocket expenses such as meals); *Laura P.*, 2009 WL 1651286, at *9 (disallowing costs of meals as not authorized by § 1920 and instead part of attorney's general overhead); *see also Interfaith Cmty. Org.*, 426 F.3d at 710 ("[U]nder normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel" unless "forum counsel are unwilling to represent plaintiff[.]").  Lastly, the entry, "Yuting Huang (Miscellaneous expenses)," will be disallowed because it appears to be for meal and travel expenses for Ms. Huang, a paralegal.

   After the reductions described above, Plaintiff is entitled to $2,464.24 in costs.

---

[2] Even if this cost were recoverable, Plaintiff has not provided any documentation to support it.  Plaintiff seeks $62.00 for two round-trip train tickets.  But he only submits one receipt for one $15.60 one-way ticket, which he tries to include under miscellaneous expenses as well.  (*See* Affirmation of C.K. Lee Ex. A, at 11) [43-1].

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorneys' fees will be granted in part and denied in part. We will reduce the attorneys' fee award from the requested $111,540.00 to $38,885.00, and we will also award $2,464.24 in costs. The total award thus comes to $41,349.24. The Court will issue an appropriate order to follow.

DATE: July 8, 2011

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.